## MITCHELL B. STOCK
### vs.
## WILLIAM J. COX, INDIVIDUALLY AND AS STATE HIGHWAY COMMISSIONER

Superior Court      Fairfield County      File #55975

See *Stock vs. Cox, infra,* p. 335.

MEMORANDUM FILED OCTOBER 28, 1938.      125 Conn. 405

Finklestone & Finklestone, of Bridgeport, for the Plaintiff.

Richard F. Corkey, Assistant Attorney General, for the Defendant.

QUINLAN, J. The plaintiff calls in question in this proceeding certain actions of the State Highway Commissioner assessing damages to a part of a certain tract of land of the plaintiff consisting of about 32 acres on which are located a small and a large house, a swimming pool, trees and a stream of water. The action attacked is claimed to have been taken by the Commissioner pursuant to legislative enactments claimed by him to give the right of condemnation.

The legislative acts need not be set forth, but are referred to as:

Chapter 282 of the Public Acts of 1927.

Special Acts (1931) No. 314, entitled: "An Act Providing for a Highway from Stratford to the New York and Connecticut State Line and Including said Highway in Trunk Line System."

Special Acts (1931) No. 498, entitled: "An Act Making an Appropriation for the Merritt Highway."

Special Acts (1931) No. 408, entitled: "An Act Creating the Merritt Highway Commission."

Special Acts (1933) No. 379, authorizing the lay-out of the trunk line highway referred to in chapter 282 of the Public Acts of 1927.

Section 537c of the Cumulative Supplement to the General Statutes (1935), entitled: "Merritt Parkway."

. Section 1528 of the General Statutes, Revision of 1930, entitled: "Damages and Benefits for Improvements."

Plaintiff claims from the foregoing that the Merritt Parkway is not a trunk line highway and that accordingly the last named act referred to has no application, and that as a consequence the Highway Commissioner has no right to condemn.

While I am heartily in accord with the claim of the plaintiff that no court action, whether with reference to a statute or otherwise, should be determined on the basis of public need and expediency or local conditions, I nevertheless feel that the above legislation, taken together, places this road in the trunk line system and that the entire legislation is in harmony. And, moreover, section 4 of the 1933 Act contains the language "and all provisions of the statutes relating to trunk line highways shall apply to such layout or highway." A parkway can be a highway, and it is a matter of common knowledge that the vision of those who foresaw its need was always accompanied, in the earliest plans of that highway, with the intention of complementing the Hutchinson Parkway and extending that highway by a parkway system into Connecticut.

If it is a trunk line highway and I so hold, then there is a right in the Highway Commissioner to condemn. If there is a right to condemn, is the plaintiff entitled to an injunction?

This will depend to a large extent upon whether he has an adequate remedy at law.

The certificate of condemnation covered 9.21 acres of land and an assessment of $8,780.67 for the plaintiff, and the land described therein contained the two buildings above referred to, the swimming pool, etc. This land lies between two other

pieces of acreage, and separated from each other by the taken land. The plaintiff claims that this causes the two separated pieces to be non-accessible to a highway and on that account there is a confiscation of that land without compensation.

Section 1528 of the General Statutes, Revision of 1930, provides for the taking of any land found necessary for a trunk line layout and for payment of "all damages . . . resulting from such taking", and section 1531 provides for an appeal by any person aggrieved.

The State and its agents might well try to avoid the pitfalls of zeal. Because they hold the idea that in certain cases values have been paid out of proportion to the fair value of properties purchased, should not incline them to the opposite extreme.

Certainly it would appear that there would be damage as to the southerly portion notwithstanding that in a rough fashion the plaintiff may now go from one plot to the other. There is no highway near or adjoining the southerly part and as the Merritt Highway cannot be utilized by commercial vehicles, the plaintiff, who is in business and carries large stocks of heavy pipe on his premises, obviously suffers in his right of access.

This does not mean that this element of damage cannot be recovered in the proceedings on the assessment, and as there is an appeal pending, the plaintiff has an adequate remedy at law.

I do not understand that it is even claimed that the defendant committed any answerable act in his individual capacity.

Judgment may be entered for the defendants.